LEE HICKOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6702.   Promulgated May 28, 1927.

March 1, 1913, value of certain coal rights determined.

*Alonzo Hoff, Esq.,* for the petitioner.
*Henry Ravenel, Esq.,* for the respondent.

The petitioner herein seeks a redetermination of his income tax liability for the year 1921, for which the Commissioner determined a deficiency of $2,973.22, but now concedes it should be only $2,218.58. Petitioner contends there should be no deficiency. The only question is as to the fair market value on March 1, 1913, of certain coal rights in 160 acres of land, sold in the year 1921. The Commissioner concedes the said valuation should be $100 per acre as of March 1, 1913, and petitioner insists it should be $200 an acre.

### FINDINGS OF FACT.

The petitioner is an individual residing on Rural Route No. 4, Springfield, Ill.

Petitioner in 1875 acquired 160 acres of land in Sangamon County, Illinois, the coal rights thereunder being included.

The land in question is the northwest quarter of section 16, township 16 north, range 5 west, of the third principal meridian, Sangamon County, Illinois.

In 1921 petitioner sold and conveyed the coal rights underlying said land for the sum of $200 an acre. He did not, in rendering his income-tax return for 1921, report said sale as he considered said coal rights to be of the same value on March 1, 1913.

The Commissioner, however, in proposing the deficiency assessment, held said coal rights worth only $75 an acre on March 1, 1913, and determined a deficiency in income tax of $2,973.22. Later he conceded it should be $2,218.58, admitting his valuation should have been $100 an acre. The coal property or acreage in question was a very choice piece of coal land. It was exceptionally well located and the vein of coal thereon was thick and of good quality.

The fair market value of the coal rights on March 1, 1913, was $200 an acre.

### OPINION.

LITTLETON: The witnesses for petitioner were men of mature age, of business experience and familiar with the property in question and the conditions surrounding it. The petitioner was a farmer and coal operator and had been such for years. One of his witnesses

was a wealthy retired banker who held large real estate investments in that county. Another was, like petitioner, experienced in the coal-operating business. One was in the real estate and investment bond business and another was a civil engineer.

No witnesses testified in behalf of the Commissioner.

Petitioner's witnesses were especially well qualified to testify about matters of which inquiry was made.

From all of the testimony, the Board is convinced that the coal rights under the land in question, sold and conveyed in 1921 by petitioner for $200 an acre, had on March 1, 1913, a fair market value of the same amount, and we have so found.

> *Judgment will be entered on 15 days' notice, under Rule 50.*